IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIO HAIRSTON,

Petitioner, OPINION AND ORDER

v.

22-cv-500-wmc

R.D. KEYES,

Respondent.

---

Petitioner Mario Hairston, a federal prisoner currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241.[1] Specifically, Hairston challenges a decision by the Bureau of Prisons ("BOP") denying his request for credit towards his federal sentence, a 30-month period of time he spent in state custody. At summary judgment, respondent argues that the BOP's denial was proper. (Dkt. #13.) The court agrees and Hairston's petition will be denied for the reasons set forth below.

BACKGROUND[2]

In August 2011, Mario Hairston was serving parole following his service of

1 Hairston's petition was transferred to this court after he was transferred to FCI-Oxford from FCI-Edgefield in South Carolina. Under Rule 2 Governing Section 2254 Cases, the court has substituted the current warden of FCI-Oxford as respondent.

2 The court draws the following facts from Hairston's petition and the attachments to respondent's motion. Unless otherwise indicated, the following facts are undisputed. Because this petition was transferred here after respondent's motion was fully briefed, the court excuses both parties' failure to follow this court's summary judgment procedures.

concurrent sentences of 18 to 180 months imprisonment by a Michigan state court sentence for two counts of home invasion (2nd degree) on April 14, 2004. On August 24, 2011, local, state and federal agents executed a warrant for Hairston's arrest. Five days later, Hairston was returned to the Michigan Department of Corrections for a technical parole violation. According to respondent, Hairston's parole was revoked, although no documentation confirming his revocation has been provided. The defendant also submits the declaration from Veronica Hodge, a BOP analyst at the Designation and Sentence Computation Center. (*See* dkt. #13-1.) She attests that: "Petitioner's parole was revoked by the Michigan Parole Board, to serve the remainder of the sentence imposed in the Wayne County Court, in case number 09022907-01FH, with credit beginning on August 24, 2011." (*Id.* ¶ 9.)

Hairston says that the documentation of that case shows that his parole was not actually revoked. (*See* Pet'r. Exs. D, E (dkt. ##19-4, 19-5).) The documents Hairston submits show that he waived his right to a parole revocation hearing within 45 days, but not that Hairston was not revoked. In fact, the waiver form also included the statement that Hairston understood if he were to be convicted in the criminal case, that conviction would violate his parole. (*See* Ex. D (dkt. #19-4).)

On April 13, 2012, the United States Marshals Service took physical custody of Hairston pursuant to a federal writ of habeas corpus ad testificandum, to make an initial appearance in the United States District Court for the Eastern District of Michigan. On June 21, 2021, Hairston was indicted in that court for interference with commerce by

threats and violence, and discharge of a firearm during and in relation to a crime of violence. *United States v. Hairston*, No. 2:12-CR-20423. The USMS borrowed Hairston again from the Michigan DOC from July 2, 2012, through July 9, 2012; September 19, 2012 through October 24, 2012; March 29, 2013, through August 28, 2013, and on November 14, 2013.

On December 19, 2013, Hairston was sentenced in federal court to a 157-month term of imprisonment. At sentencing, the court was silent as to how the sentence should run to any other sentence. On February 4, 2014, the court entered an amended judgment based on a clerical error, recommending that the 157-month term of imprisonment run concurrent with any sentence imposed by the Michigan Department of Corrections. Two weeks later, the USMS returned Hairston to Michigan state authorities and lodged the federal judgment as a detainer. About two months later, on April 16, 2014, Hairston was discharged from his Michigan state sentence into federal custody.

The BOP has calculated December 19, 2013, the date on which the federal sentence was imposed, as the commencement date of Hairston's federal sentence. However, the BOP has *not* awarded Hairston prior custody credit on the ground that the time between Hairston's arrest, August 24, 2011, and April 15, 2014, was applied to his Michigan state parole sentence.

Prior to filing this petition, Hairston asked that the BOP credit the time he spent in jail prior to his December 19, 2013, sentencing. In support, Hairston stated that he should receive credit towards his federal sentence because his state parole revocation

hearing had been adjourned. At each step in the administrative remedy process, BOP officials responded that Hairston was not entitled to sentence credit prior to December 19, 2013, because up until that date he was serving his Michigan state sentence arising from his parole revocation.

## OPINION

Hairston contends that the BOP improperly declined to grant him sentence credit from August 24, 2011, until December 18, 2013. A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for challenges to the administration or computation of a sentence. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). Under 18 U.S.C. § 3585(b), the Bureau of Prisons *must* apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" *and* "that has not been credited to another sentence." *Id.* However, § 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence. *See also United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996). Finally, the BOP "'has the authority to determine when to give a defendant credit against a sentence for time he has served.'" *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018) (quoting *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994)).

Under 18 U.S.C. § 3621(b), the BOP also has the authority to designate the place of a prisoner's imprisonment. While "the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence" under 18 U.S.C. § 3621, "effectively allowing the state and federal sentences to run concurrently . . . the BOP also has 'wide discretion' over that designation." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (quoting *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990)). Relevant here, in particular, BOP Program Statement 5880.28 provides that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *Id.*

Respondent seeks summary judgment because the BOP properly concluded that Hairston began serving his federal sentence on December 19, 2013, the date of his sentencing. This argument is well-taken for three reasons. *First,* the federal government did not have primary custody of him until April of 2014 when Michigan authorities released him to the federal government. The doctrine of primary custody dictates that an inmate's federal sentence commences only *after* the government exercises primary jurisdiction over him. *Pope*, 889 F.3d at 417 (citing *Loewe v. Cross*, 589 F. App'x 788, 789 (7th Cir. 2014); *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006)). Hairston's federal appearances were all pursuant to writs, so Hairston could not have begun his federal sentence by virtue of his court appearances in 2012 and 2013.

*Second*, there is no genuine dispute that between August 2011 and December 2013, Hairston was serving his state revocation sentence. Although Hairston suggests that certain documents related to defendant's Michigan revocation proceedings show he was not officially revoked, the bulk of the documents do not call this into question whether Hairston was actually revoked or serving his state sentence from 2011 to 2013. Rather, they show only that Hairston waived his right to a revocation hearing, not that the revocation failed to proceed. Regardless, although respondent has not submitted documentation formalizing Hairston's revocation, the court accepts Hodge's averment that Hairston was, in fact, revoked and sentenced to finish his term of imprisonment for his Wayne County conviction.

*Third,* Hairston maintains that the BOP failed to address his request for a nunc pro tunc designation. As respondent points out, however, the BOP does not have the authority to make such a finding for any placement before the date the federal sentence has been imposed.

For all three reasons Hairston has not shown that the BOP improperly calculated his remaining federal term of imprisonment. Accordingly, the court will deny Hairston's petition, and respondent is entitled to entry of summary judgment.

ORDER

IT IS ORDERED that:

1. Petitioner Mario Hairston's petition is DENIED and this matter is DISMISSED.

2. Hairston's motion for appointment of counsel (dkt. #26) is DENIED as moot.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 18TH day of November, 2022.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge